IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRESTON CANNONIER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 4:20cv4061 |
| VS. | § | |
| | § | Jury Trial Demanded |
| TX WEST HOUSTON MOTORS, INC., | § | |
| | § | |
| Defendant, | § | |

## COMPLAINT

Plaintiff Treston Cannonier files this Complaint against Defendant TX West Houston Motors, Inc.

### Parties

1. Plaintiff Treston Cannonier is an individual residing in Harris County, Texas.

2. Defendant TX West Houston Motors, Inc. d/b/a AutoNation Chrysler Dodge Jeep Ram Houston ("AutoNation") is a Texas corporation with its principal place of business in Harris County, Texas. AutoNation may be served through its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### Jurisdiction and Venue

3. This Court has federal question jurisdiction because the case arises under the Family and Medical Leave Act (FMLA).

4. Venue is proper because all of the events in question occurred in this District.

### Claim for Relief

5. Mr. Cannonier worked as a salesperson for AutoNation in Houston, Texas.

1

6. Mr. Cannonier worked for AutoNation for more than one year and for more than 1250 hours during that year. Mr. Cannonier is an "eligible employee" for purposes of the FMLA.

7. AutoNation has more than 50 employees within a 75-mile radius of Mr. Cannonier's place of work. AutoNation is therefore an "employer" for purposes of the FMLA.

8. Mr. Cannonier suffered physical and psychological injuries as a result of an accident on the job. Mr. Cannonier made a workers' compensation claim (which is not at issue in this lawsuit). Gallagher Bassett administered this claim for AutoNation. Mr. Cannonier requested FMLA leave due to a serious health condition. Matrix Absence Management administered the FMLA leave on behalf of AutoNation.

9. Matrix approved FMLA leave for Mr. Cannonier beginning on June 23, 2020. Matrix continued to send weekly notices to Mr. Cannonier indicating that his FMLA leave was approved through the week of September 14, 2020, when the twelve weeks of leave under the FMLA were exhausted.

10. Even though Mr. Cannonier was on approved FMLA leave, AutoNation told him to return to work in late July. Apparently, AutoNation was trying to place him in a modified light-duty position for purposes of the workers' compensation claim. However, this constituted interference with Mr. Cannonier's protected rights under the FMLA. The FMLA does not permit an employer to unilaterally terminate approved leave.

11. Mr. Cannonier contacted Gallagher Bassett for clarification. The Gallagher Bassett representative told him that the doctor had not lifted his medical restrictions and that he should not return to work. Mr. Cannonier did not return to work and remained on FMLA leave.

12. Incredibly, on July 30, 2020, AutoNation terminated Mr. Cannonier for job abandonment, even though he was on approved FMLA leave. In fact, Matrix continued to send

Mr. Cannonier weekly notices approving his FMLA leave for over a month. Mr. Cannonier explained the situation to both Gallagher Bassett and Matrix, but nothing was done to reverse the unlawful termination.

13. All conditions precedent have occurred or been satisfied.

14. AutoNation violated the FMLA (a) by interfering with Mr. Cannonier's rights under the FMLA when it ordered him to return to work during approved FMLA leave, and (b) by then terminating him for failing to return to work during his approved FMLA leave. AutoNation is therefore liable to Mr. Cannonier for back pay, loss of benefits, 100% liquidated damages, reinstatement or in the alternative front pay, attorneys' fees, pre- and post-judgment interest as provided by law, and all costs of court.

For the foregoing reasons, AutoNation should be cited to appear and answer and, upon final hearing, the Court should enter judgment in favor of Mr. Cannonier and against AutoNation for back pay, loss of benefits, liquidated damages, reinstatement or in the alternative front pay, attorneys' fees, pre- and post-judgment interest as provided by law, all costs of court, and any other relief to which he may be entitled.

Respectfully submitted,

/s/ David C. Holmes
David C. Holmes, Attorney in Charge
State Bar No. 09907150
Southern District No. 5494
13201 Northwest Freeway, Suite 800
Houston, Texas 77040
Telephone: 713-586-8862
Fax: 713-586-8863

ATTORNEY FOR PLAINTIFF